NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 11 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN JOSE GARCIA GARCIA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.  15-73406

Agency No. A096-571-248

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 9, 2022[**]
Pasadena, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and ROBRENO,[***]
District Judge.

Juan Jose Garcia Garcia ("Petitioner"), a native and citizen of Mexico,

petitions for review from a decision of the Board of Immigration Appeals ("BIA")

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

upholding the Immigration Judge's ("IJ") denial of his claims for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the BIA's determination that Petitioner is ineligible for withholding of removal because Petitioner's proposed social group is not cognizable.[1] Petitioner argues that he will be persecuted in Mexico as a "Mexican male[] with long residence and family tie[s] to the United States." He argues that organized criminals in Mexico will kidnap, torture, or murder him because they will believe that he or his family has ransom money after living and working in the United States. The BIA concluded that this proposed social group lacks social distinction in Mexican society. Although Petitioner submitted country conditions evidence showing that criminals in Mexico sometimes prey upon people who have been deported from the United States, this evidence does not compel the conclusion that Mexican society perceives Mexican men with family ties to the United States, and a long history of residing in the United States, as a distinct group. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (per curiam) (noting that "returning Mexicans from the United States" is "too broad to

---

[1] The BIA also held that Petitioner could not establish persecution on account of a political opinion either held by Petitioner or imputed to him. Petitioner does not press a claim based on a political opinion in this petition for review.

qualify as a cognizable social group"); *Matter of W-G-R-*, 26 I. & N. Dec. 208, 214-17 (BIA 2014), *vacated in part on other grounds by Reyes v. Lynch*, 842 F.3d 1125 (9th Cir. 2016).

Substantial evidence also supports the BIA's determination that Petitioner is not eligible for CAT relief because Petitioner failed to show it is more likely than not that he will be tortured if he returns to Mexico. Petitioner testified that he was beaten and robbed several times in Mexico. He did not report these incidents to the police because he believed the police were corrupt and worked with the criminals. He generally fears violence in Mexico but does not believe that anyone is planning to personally target him. Petitioner also submitted country conditions evidence showing generalized evidence of violence perpetrated by gangs, drug cartels, and corrupt law enforcement officers. The evidence in the record does not compel the conclusion that "it is more likely than not that [Petitioner] would be tortured if removed to" Mexico. 8 C.F.R. § 208.16(c)(2); *see Delgado-Ortiz*, 600 F.3d at 1152.

**PETITION DENIED.**